UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-60720-Civ-MIDDLEBROOKS
       (06-60304-Cr-MIDDLEBROOKS)
MAGISTRATE JUDGE P.A. WHITE

ALBERT PICKETT,                    :

            Movant,               :

v.                                :        REPORT OF
                                           MAGISTRATE JUDGE
UNITED STATES OF AMERICA,          :

            Respondent.           :
_____

Introduction

     This matter is before the Court on the movant's motion to
vacate pursuant to 28 U.S.C. §2255, attacking the constitutionality
of his sentence, enhanced based on his status as an armed career
criminal, in case no. 06-60304-Cr-Middlebrooks.

     The Court has reviewed the motion with attached memorandum of
law (Cv-DE#1),  the government's response (Cv-DE#13), the amended
motion   (Cv-DE#16),   the   movant's   traverse   (Cv-DE#17),   the
government's  supplemental  response  (Cv-DE#21),  the  Presentence
Investigation Report (PSI), and all pertinent portions of the
underlying criminal file.

     The movant raises the sole claim that he is actually innocent
of being an armed career criminal. (Cv-DE#1:4). He maintains that
none of his prior convictions qualify as predicate offenses for
purposes of the enhanced sentence in light of the Supreme Court's
decision in Johnson v. United States, ___ U.S. ____, 130 S.Ct. 1265
(2010). (Id.).

## II. <u>Procedural History</u>

The relevant procedural history of the underlying criminal case is as follows. On October 26, 2006, an Indictment was returned charging the movant with attempt to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §846 (Count 1); interference with commerce by means of robbery by means of actual and threatened force, violence and fear of injury, in violation of 18 U.S.C. §1951(a) (Count 2); carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, as charged in Counts 1 and 3, in violation of 18 U.S.C. §924(c)(1)(A) (Count 3); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) and 924(e) (Count 4). (Cr-DE#9).

On November 22, 2006, the movant entered into a negotiated written plea agreement, agreeing to plead guilty to Count 4 of the Indictment. (Cr-DE#20).

Prior to sentencing, a PSI was prepared which reveals as follows. The PSI calculated the petitioner's base offense level at 24 pursuant to U.S.S.G. §2K2.1(a)(2) because the offense involved possession of a firearm and the defendant committed the offense subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance offense. (PSI¶17). Moreover, pursuant to U.S.S.G. §2K2.1(b)(6), his offense level was increased by four levels. (PSI¶18). The adjusted offense level was set at 28. (PSI¶22). Notwithstanding, because the movant qualified as an armed career criminal, his base offense level was increased to 34. (PSI¶23). Since he clearly accepted responsibility for his offense, his base offense level was reduced by three levels. (PSI¶¶24,25). His total offense level was set at 31. (PSI¶26).

2

The probation officer further determined the movant had a subtotal of 14 criminal history points. (PSI¶43). However, because the instant offense was committed less than two years from release from custody, two points were added. (PSI¶44). He therefore had a total of 16 criminal history points and a criminal history category of VI. (PSI¶45). However, if the movant's criminal history category had not resulted in a level VI, his criminal history points would have been of no consequence since an armed career criminal's criminal history category is always set at a category VI pursuant to U.S.S.G. §4B1.1(c)(1). (PSI¶46). A total adjusted base offense level of 31 and a criminal history category of VI, resulted in a guideline imprisonment range of 188 to 235 months imprisonment. (PSI¶68).

On September 2, 2007, the movant appeared for sentencing, wherein he was sentenced to a term of 180 months imprisonment, followed by five years supervised release and $100 special assessment. (Cr-DE#19). The Clerk entered judgment on February 6, 2007. (Id.). No direct appeal ensued. The judgment of conviction in the underlying criminal case became final at the latest on February 21, 2007, ten days after the entry of judgment, when time expired for filing a notice of appeal.[1]

---

[1]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6).

On December 1, 2002, Fed.R.App.P. 26; which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

III. <u>Timeliness</u>

Pickett filed the instant motion more than one year after his conviction and sentence became final. He asserts that his motion is timely because he relies upon <u>Johnson v. United States</u>, 130 S.Ct. 1265 (2010), a Supreme Court case that narrowed the definition of violent felony for purposes of enhancement under the Armed Career Criminal Act. The government concedes that the movant's motion is timely to the extent it relies on <u>Johnson</u> for relief. (Cv-DE#13:3).

IV. <u>Procedural Default</u>

As a general matter, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a Section 2255 proceeding. <u>Greene v. United States</u>, 880 F.2d 1299, 1305 (11th Cir. 1989); <u>see</u> <u>United States v. Frady</u>, 456 U.S. 152 (1982); <u>Lynn v. United States</u>, 365 F.3d 1225 (11th Cir. 2004). Of course, if the challenge was not available to the defendant at the time of the direct appeal, the defendant would not be procedurally barred from presenting the issue in a section 2255 proceeding, so long as the issue is among the narrow range of issues reviewable under Section 2255. <u>Greene</u>, 880 F.2d at 1305. To avoid the procedural bar, a movant must show both cause excusing the failure to raise the claim previously, and actual prejudice from the alleged error. <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991). Summary dismissal is warranted where the movant fails to establish both cause and prejudice for his failure to raise a claim on direct appeal that is raised for the first time in a Section 2255 motion. <u>Garland v. United States</u>, 837 F.2d 1563 (11th Cir. 1988).

The movant's challenges to his armed career criminal sentence are procedurally defaulted because he failed to raise them on

4

direct appeal. He could have challenged the Court's reliance on the numerous Florida convictions at issue here to find he qualifies as an armed career criminal, on direct appeal. He waived his opportunity to do so and is precluded from challenging his sentence here pursuant to Section 2255.

The movant attempts to excuse his procedural default by claiming the basis for relief <u>Johnson v. United States</u>, 130 S.Ct. 1265 (2010), which was issued on March 2, 2010, after the time expired wherein he could file a timely notice of appeal. <u>Johnson</u> does not apply to the instant case for the reasons set forth in the Discussion section, below. The movant has failed to demonstrate cause and prejudice for his failure to raise the sentencing claim on appeal. Accordingly, this claim is procedurally barred, and in the alternative, also fails on the merits for the reasons set forth below.

V. <u>Standard of Review</u>

The law is clear that Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." <u>See</u> 28 U.S.C. §2255(a); <u>see</u> <u>also</u>, <u>Hill v. United States</u>, 368 U.S. 424, 426-27 (1962). "A sentence is otherwise subject to collateral attack where there is an error constituting a 'fundamental defect which inherently results in a complete miscarriage of justice.'" <u>United States v. Jones</u>, 56 F.3d 62 (4th Cir. 1995)(citations omitted).

VI. <u>Discussion</u>

The movant claims that his enhanced sentence as an armed career criminal pursuant to the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e) is unlawful because his prior convictions for battery on a law enforcement officer, corruption by threat, resisting arrest with violence and aggravated battery of a pregnant victim no longer qualify as "violent felonies" in light of the Supreme Court's decision in <u>Johnson</u>. Therefore, he asserts he is actually innocent of the sentence imposed.

A. <u>Armed Career Criminal</u>

Pursuant to 18 U.S.C. §924(e)(1), a defendant qualifies as an armed career criminal if at the time he violates 18 U.S.C. §922(g), he has three prior convictions for either "violent felonies" or "serious drug offenses",[2] committed on occasions different from one another.[3] <u>See</u> 18 U.S.C. §924(e)(1).

The issue, therefore, is whether the movant has at least three prior felony convictions of either a violent felony or a controlled substance offense.

---

[2]Because the PSI did not list any "serious drug offense" as predicate offense(s) to the movant's classification as an armed career criminal, any analysis thereto is unnecessary.

[3]To qualify for an enhanced sentence as an ACCA, each predicate offense must have occurred on occasions different from one another. <u>See</u> <u>United States v. Pope</u>, 132 F.3d 684, 689 (11th Cir. 1998). Recently, in <u>United States v. Canty</u>, 570 F.3d 1251 (11th Cir. 2009), the Court held that for the ACCA enhancement to be proper, the defendants must have three violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. §924(e)(1). It requires that they be committed successively, rather than simultaneously. <u>Id.</u> at 1251. Thus, it appears that any qualifying prior felony conviction cannot be part of the same criminal episode.

6

## B. <u>Prior Violent Felony Offenses</u>

For purposes of an armed career offender enhancement pursuant to 18 U.S.C. §924(e)(1), the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that "has as an element the use, attempted use or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." <u>See</u> 18 U.S.C. §924(e)(2)(B)(i),(ii).

In <u>Johnson</u>, the Supreme Court held that the type of "physical force" required under the ACCA is "violent force - that is force capable of causing physical pain or injury to another person." <u>Johnson</u>, 130 S.Ct. at 1271. Although the meaning of physical force is a federal law question, federal courts are bound by the Florida Supreme Court's interpretation of the elements of the statute at issue. <u>Id.</u> at 1269.

### 1. <u>Resisting Arrest with Violence</u>

Florida Statute §843.01,[4] resisting officer with violence, constitutes a predicate offense pursuant to the ACCA under both the elements and residual clauses. <u>See</u> <u>United States v. Jones</u>, 2010 WL 3995941 (11th Cir. 2010) (holding that resisting an officer with violence satisfies the element clause of the ACCA); <u>United States v. Hayes</u>, 2010 WL 5122587 (11th Cir. 2010)(concluding that one who

---

[4]Florida Statute §843.01 reads in pertinent part: "Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . . is guilty of a felony of the third degree . . . ."

commits the crime of resisting arrest by knowingly and willfully
offering or doing violence to an arresting officer has committed a
violent felony for ACCA purposes under the residual clause).[5]  To
determine whether this particular prior conviction is a qualifying
offense for ACCA purposes, a categorical approach[6] is applied and
only the fact of conviction and the statutory definition of the
offense at issue is considered. Id.; see also United States v.
Harrison, 558 F.3d 1280, 1284 (11th Cir. 2009).


    a. *Elements Clause*


    According to Florida appellate courts, violence is a necessary
element of the offense to sustain a conviction under Fla. Stat.
§843.01. See Jones, supra; see also Rawlings v. State, 976 So.2d
1179, 1181 (Fla. 5th DCA 2008); Harris v. State, 5 So.3d 750, 751
(Fla. 1st DCA 2009). Thus indicating, that mere touching or mere
offense touching, like in simple battery, does not suffice. Id.
Because violence is a necessary element of the offense of resisting
an officer with violence, in violation of section 843.01, it is
unlike the mere touching at issue with simple battery. See Harris,
5 So.3d at 751; Rawlings, 976 So.2d at 1181. Therefore, a violation

---

    [5]Both Jones and Hayes are unpublished opinions. However, although
unpublished opinions are not considered binding precedent, they may be cited as
persuasive authority. United States v. Futrell, 209 F.3d 1286 (11th Cir. 2000);
citing 11th Cir. R. 36-2.


    [6]A "categorical approach" is used to determine whether a given crime
qualifies as a crime of violence. Taylor v. United States, 495 U.S. 602; United
States v. Hughes, 602 F.3d 669, 674 (11th Cir. 2010). Under the categorical
approach, courts look to the statutory definition of the offense in question, not
to the specific conduct that the defendant engaged in on that occasion. Id.; see
also Begay, 553 U.S. 137, 141 (2008). In essence, whether the elements of the
offense are of the type that would justify its inclusion without inquiring into
the specific conduct of this particular offender are considered. James v. United
States, 550 U.S. 192, 202 (2007).

of Fla. Stat. §843.01 involves "violent force" as contemplated by the Supreme Court as falling within the scope of the ACCA. <u>See</u> <u>Johnson</u>, 130 S.Ct. at 1271.

     b. *Residual Clause*

     Under the residual clause it must be determined whether the crime is "similar in kind and in degree to the enumerated crimes" listed in subsection (B)(ii). <u>Hayes</u>, <u>supra</u>. To that end, the courts have asked whether the conduct inherent in the commission of the crime is "purposeful, violent and aggressive," or whether it is a more passive crime of inaction. <u>Id.</u> <u>citing</u> <u>Begay v. United States</u>, 553 U.S. 137, 146 (2008), <u>United States v. Harris</u>, 608 F.3d 1222, 1227 (11th Cir. 2010). According to the Eleventh Circuit in <u>Hayes</u>, the act of resisting arrest poses a threat of direct confrontation between a police officer and the subject of the arrest, thus creating the potential for serious physical injury to officers. <u>Hayes</u> at *2.

     Likewise, the Court determined the plain language of Fla. Stat. §843.01 is "purposeful, violent, and aggressive." <u>Hayes</u> at *2; <u>citing</u> <u>Begay</u>, 553 U.S. at 145. By its own terms, the commission of the crime requires that the defendant knowingly and willfully resisted, obstructed or opposed an officer by offering or doing violence to the person of that officer; thus sharing with the other crimes enumerated in subsection (B)(ii) the element of purposeful violence and aggression. <u>Id.</u>

     Thus, like the Eleventh Circuit in <u>Hayes</u>, this Court has no difficulty concluding that one who commits the crime of resisting

arrest by knowingly and willfully offering or doing violence to an arresting officer has committed a "violent felony" for ACCA purposes.

Consequently, Pickett's resisting arrest with violence conviction qualifies as a predicate offense for purposes of determining his status as an armed career criminal, under both the element and residual clauses of the ACCA.

### 2. Battery on a Law Enforcement Officer

Either of Pickett's convictions for battery on a law enforcement officer (BOLEO), Fla. Stat. §784.07 as found in case number 91-003432-CF-10A and case number 01-008466-CF-10A, constitute predicate offenses pursuant to the ACCA under both the elements and residual clauses. See United States v. Jones, 2011 WL 49845 (11th Cir. 2011).[7] To determine whether this particular prior conviction is a qualifying offense for ACCA purposes, a modified categorical approach[8] is applied. See Shepard v. United States, 544

---

[7]    Although the Jones Court was faced with a defendant disputing his career offender status, this language is virtually identical to the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"). Therefore, the same analysis is used to determine whether an offense qualifies as a "violent felony" under ACCA and a "crime of violence" under Section 4B1.2(a)(1)-(2). United States v. Williams, 609 F.3d 1168 (11th Cir. 2010)(case law interpreting ACCA relevant in determining whether a prior conviction qualifies for career offender sentencing); see United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

See also FN#5, supra.

[8]If a statute describes multiple modes of commission, some of which include a crime of violence and some that might not, the categorical approach cannot answer the question since a court cannot tell from the statute itself exactly what offense the defendant committed. See Hughes, 602 F.3d at 674, quoting Johnson, 130 S.Ct. at 1273. These cases, with a "divisible" statute, are employed with a "modified categorical approach"and looking to a defendant's charging document, plea agreement, or other similar judicial record for the limited

U.S. 13, 25-26 (2005); see also United States v. Williams, 609 F.3d 1168 (11th Cir. 2010); Jones, 2011 WL 49845. In using this approach, courts are limited to the statutory definition, the terms of the charging document, the terms of a written plea agreement or transcript of plea colloquy in which the defendant confirmed the factual basis for the plea, or explicit factual findings by the judge to which the defendant assented. Shepard at 16, 26. Likewise, if a PSI prepared for the district court includes a description of the facts underlying the state-court offense, and the description is not challenged by the defendant, the facts contained therein may be considered by the district court also. See United States v. Wade, 458 F.3d 1273, 1278 (11th Cir. 2006); United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009); United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006).

   In Florida, battery is committed when an individual (1) actually and intentionally touches or strikes another person against the will of the other; or (2) intentionally causes bodily harm to another person. Fla. Stat. §784.03. Normally, battery is a first-degree misdemeanor, but is elevated to a third-degree felony if it is committed on a law enforcement officer. Id.; Fla. Stat. §784.07(2)(b).

   As previously determined by the Eleventh Circuit, a Florida BOLEO offense cannot alone satisfy the physical-force definition of the ACCA, merely by satisfying the common-law definition of force,

---

purpose of determining which part of the offense the prior conviction was for, but still not to the particular facts underlying the conviction. See Shepard v. United States, 544 U.S. 13, 26 (2005). The additional materials are only used to determine which crime within a statute the defendant committed, now how the crime was committed. United States v. Woods, 576 F.3d 400, 405 (9th Cir. 2009).

which includes the slightest offensive touching. <u>United States v.</u>
<u>Williams</u>, 609 F.3d 1168 (11th Cir. 2010); <u>Johnson</u>, 130 S.Ct. at
1270. Thus, a modified categorical approach is necessary to
determine whether Pickett's offenses qualify as violent felonies.

<u>Case Number 91-003432-CF-10A</u>

    *a. Elements Clause*

    With respect to Florida case number 91-003432-CF-10A, the
record does not contain the charging document for Pickett's BOLEO
offense, a plea agreement, a transcript of the plea colloquy or any
explicit factual findings by the state trial judge. The only
available information regarding the offense is the description set
forth in the PSI,[9] which in part states Pickett suddenly pushed one
officer in an attempt to escape, but became more violent when
officers attempted to detain him and punched an officer in the nose
with his fist. (PSI¶31). Because Pickett did not object to this
description, the district court properly considered it to determine
which statutory phrase was the basis for his conviction.
Accordingly, Pickett's BOLEO offense as described in conjunction
with case number 91-003432-CF-10A necessarily involved the use of
substantial physical force capable of causing physical pain or
injury. Thus, this conviction was properly used as a predicate
offense to classify Pickett as an armed career criminal.

---

[9]It is important to note that Pickett never objected to any of the facts
set forth in the PSI for any of the listed convictions, either in writing prior
to sentencing or during the sentencing hearing, which the Court noted during the
sentencing hearing . (Cv-DE#21,Ex.B:2).

b. *Residual Clause*

Moreover, Pickett's prior conviction for his BOLEO offense in case number 91-003432-CF-10A also qualifies as a "violent felony" under the residual clause.

An analysis under the residual clause requires an offense to "involve conduct that presents a serious potential risk of physical injury to another" and must be roughly similar, in kind as well as in degree of risk posed, to the examples of burglary, arson, extortion and explosive offenses, typically involving purposeful, violent and aggressive conduct. Begay, 128 S.Ct. 1581, 1585-86. (2008).

In Harrison, the Eleventh Circuit established a three-part test to determine whether a conviction qualifies as a "crime of violence" pursuant to Begay. United States v. Harrison, 558 F.3d 1280, 1287 (11th Cir. 2009); United States v. Alexander, 609 F.3d 1250, 1255 (11th Cir. 2010). First, "what is the relevant category of crime, determined by looking to how the crime is ordinarily committed?" Second, "does that crime pose a serious potential risk of physical injury that is similar in degree to the risks posed by the enumerated crimes?" Finally, whether "that crime is similar in kind to the enumerated crimes?"

When a court analyzes whether a crime poses "a serious potential risk of physical injury to another" similar to the enumerated crimes and similar to them in kind, courts should focus on "the degree of callousness toward risk" and "the indifference to the lives of others" involved in committing the offense. Alexander

13

at 1258.

The undisputed facts in the PSI for this particular BOLEO offense, pushing an officer and punching an officer in the nose with his fist, satisfies the residual prong requirement that the offense involved conduct that presents a serious risk of physical injury to another and the offense is roughly similar in kind as well as in degree of risk posed to the enumerated crimes.

Case Number 01-008466-CF-10A

a. *Elements Clause*

Pickett's prior conviction for BOLEO in case number 01-008466-CF-10A qualifies as a violent felony under the modified categorical approach under the elements clause. In this case, evidence exists that movant's prior conviction involved force capable of causing physical pain or injury to another person, as opposed to mere unwanted touching.

A review of the change of plea hearing for the BOLEO conviction reveals Pickett acknowledged having read the probable cause affidavit, but stated he wanted to hear the it again. (Cv-DE#13,Ex.A:5). Thereafter, the following portion was read into the record by the State:

> On said date and time, I observed Albert Pickett coming to district yelling, 'I'm going to fuck you up a pussy ass cracker.' Deputy Brown began processing the defendant at which time he refused to comply with instructions. While refusing to comply the defendant was stating, 'I'm

14

going to kill you pussy ass cracker.' Deputy Brown asked
defendant to step into holding cell, at which time
defendant placed both hands into Deputy Brown's chest
area ripping off pocket of uniform shirt. Deputy Segetti
attempted to restrain defendant, as defendant began
striking Deputy Segetti in the left ribcage area while
resisting. The defendant stated to both deputies, 'I'm
going to see you both in the street and get my gun and
shoot both of you. I swear to God I'm going to be out
tonight and I'm going to see you and I'm going to fuck
you up.'

(Cv-DE#13,Ex.A:6-7). Following the proffer, the State commented it
felt that Pickett's statements were serious threats. (Id.:6).
Moreover, when the State had questioned Pickett regarding whether
he owned any weapons, he responded that he did. (Id.). Pickett then
acknowledged that he was pleading no contest to several counts, one
of which included the BOLEO offense. (Id.:11-12). He further
acknowledged that if the court accepted his plea, he would be
adjudged guilty of all offenses. (Id.:12).

Following the court's explanation, Pickett indicated he
understood that the portion of the probable cause affidavit, which
the State read into the record, was substantially the evidence
which would be used against him if he elected to proceed to trial.
(Cv-DE#13,Ex.A:13). The plea colloquy continued with further
inquiries into the knowing and voluntary nature of his plea, along
with confirmation that Pickett signed the written plea agreement
and determined:

THE COURT: The Court accepts the plea finding it is
freely and voluntarily made, understanding the nature of
the charges, and understanding the consequences of his
plea. The plea is reduced to writing. Did you sign it?

DEFENDANT: Yes, sir.

THE COURT: Signed by him. It's made in the presence of his attorney, who's [sic] services he states under oath he's satisfied; and supported by a factual basis, which brings the court to the conclusion, as a matter of fact, Albert Pickett is guilty of battery on a law enforcement officer in count one and battery on a law enforcement [officer] in count two and resisting arrest with violence in count three . . . .

(Cv-DE#13,Ex.A:14-15).

Apparent from the foregoing, Pickett's conduct satisfied the physical force requirement under the ACCA's element clause. Based on the facts presented, Pickett admitted to intentionally striking the police officer. As such, said conduct meets the statutory definition of "violent felony" as interpreted by the Supreme Court in Johnson since Pickett's conduct involved violent force capable of causing physical pain or injury to another person, as opposed to the merely touching an individual. Consequently, Pickett's prior conviction for BOLEO qualifies as a predicate offense for his armed career criminal enhancement.

b. *Residual Clause*

Likewise, his BOLEO conviction in case number 01-088466-CF-10A is a violent felony using the modified categorical approach under the residual clause of the ACCA.

Pickett's conduct, as proffered during the change of plea hearing, clearly involved conduct that presented a serious risk of physical injury to the deputy and is also roughly similar, in kind as well as in degree of risk posed, to the examples of burglary,

16

arson, extortion and explosive offenses, typically involving purposeful, violent and aggressive conduct.

Consequently, Pickett's BOLEO offense in case numbers 91-003432-CF-10A and 01-008466-CF-10A are violent felonies under the residual clause of the ACCA using a modified categorical approach.

### 3. Aggravated Battery on a Pregnant Woman

Pickett's enhanced sentence was also in part due to his conviction for aggravated battery of a pregnant victim in case number, 93-011891-CF-10A, which the PSI sets forth the following facts in support thereof:

> According to police records, officers responded to a domestic violence call. The victim advised officers that the defendant punched her in the face several times. Once the victim was on the floor, the defendant began choking her. The victim stated that as she struggled to escape, the defendant covered her mouth and nose trying to smother her. The victim stated that during the incident, the defendant stated he was going to kill her. The defendant fled the area. The victim reported she was two months pregnant with the defendant's child.

(PSI¶32). As with his other prior convictions, Pickett never objected to any of the facts set forth in the PSI, either in writing or during the sentencing hearing. Thus, the foregoing facts are deemed admitted.

The government concedes, and this Court agrees, that the offense for aggravated battery of a pregnant victim does not categorically qualify as a violent felony under the elements clause

of 18 U.S.C. §924(e)(2)(B)(i). (<u>See</u> Cv-DE#21).[10]


Using the modified categorical approach, the facts set forth in the PSI in support of Pickett's battery of a pregnant victim clearly establishes that it is a violent felony under the residual clause of 18 U.S.C. §924(e)(2)(B)(ii). Punching the pregnant victim in the face several times, choking her once she was on the floor, covering her mouth and nose while trying to smother and threatening to kill her before fleeing obviously involves conduct that presents a serious risk of physical injury to another. Also, the offense of aggravated battery of a pregnant victim is roughly similar in kind as well as in degree of risk posed, to the examples of burglary, arson, extortion and explosive offenses, which typically involve

---

[10]Pickett's conviction for aggravated battery of a pregnant victim consists of the elements set forth in the battery statute, with the additional element that the victim must be a pregnant. Accordingly, aggravated battery of a pregnant victim fails to satisfy the "physical force" required by 18 U.S.C. §924(e)(2)(B)(i).

The Florida Statute for battery provides:

(1)(a) The offense of battery occurs when a person:

1. Actually and intentionally touches or strikes another person against the will of the other; or

2. Intentionally causes bodily harm to another person.

Fla. Stat. §784.03.

Moreover, the aggravated battery specific to this prior conviction provides in pertinent part:

(b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.

Fla. Stat. §784.045.

Accordingly, aggravated battery on a pregnant victim is simply battery on a pregnant victim, which is not a crime of violence pursuant to <u>Johnson</u>.

purposeful, violent and aggressive conduct.

As such, under the modified categorical approach, Pickett's prior conviction for aggravated battery of a pregnant victim, which evidently consisted of more than mere touching, is a violent felony under the ACCA's residual clause.

### 4. <u>Corruption by Threat</u>

Pickett argues that his prior conviction for corruption by threat in case number 01-008466-CF-10A does not qualify to enhance his sentence as an armed criminal career. (Cv-DE#1:4). A review of the PSI shows that case number 01-008466-CF-10A consisted of four counts; to wit: battery on a law enforcement officer, corruption by threat, resisting arrest with violence and destruction of county property. (PSI¶40). As long as one of the counts contained therein qualifies as a predicate prior conviction for enhancement purposes, it is irrelevant that other counts contained therein do not. As already determined in this Report, either the crime of battery on a law enforcement officer or the crime of resisting arrest with violence, as found in case number 01-008466-CF-10A, are violent felonies for ACCA purposes. Therefore, whether his prior conviction for corruption by threat is a crime of violence is inconsequential.

### 5. <u>Strong Armed Robbery</u>

The movant does not challenge his conviction for strong armed robbery as a predicate offense for enhancing his sentence as an armed career criminal. As such, Pickett's prior conviction in case number 88-21730-CF-10A is a qualifying offense.

<u>Conclusion</u>

Consequently, the predicate offenses used by the probation officer to determine the movant's enhanced sentence are violent felonies for purposes of 18 U.S.C. §924(e)(1). Thus, Pickett is not actually innocent of his armed career criminal classification and his guilty plea was knowingly and voluntarily entered.

It is therefore recommended that this motion to vacate be dismissed as procedurally barred and alternatively, denied on the merits and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 28th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Albert Pickett, Pro Se
     Reg. No. 77096-004
     F.C.C. - Coleman (Medium)
     B-3
     P.O. Box 1032
     Coleman, FL 33521

     Robin Waugh-Farretta, AUSA
     U.S. Attorney's Office
     Major Crimes Section

     99 NE 4th Street

     6th Floor

20

Miami, FL 33132